**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILFREDO MIRANDA CARDONA, an individual, | ) ) ) | Case No.: 1:22-cv-04208 |
| Plaintiff, | ) ) | Honorable Steven C. Seeger |
| v. | ) ) | |
| ALBANY RESTAURANT, INC., a dissolved Illinois corporation d/b/a PEKING MANDARIN RESTAURANT, PEKING MANDARIN RESTAURANT, an unincorporated entity, and CHIH HUI YU, an individual, | ) ) ) ) ) ) | Magistrate Judge Sunil R. Harjani |
| Defendants. | ) | |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Wilfredo Miranda Cardona ("Plaintiff"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, and the Defendants, Albany Restaurant, Inc., Peking Mandarin Restaurant, and Chih Hui Yu (collectively "Defendants"), by and through their attorney, Peter Y. Qiu of the Law Offices of Peter Y. Qiu, hereby move the Court to approve the Parties' Confidential Settlement Agreement and General Release. In support of their motion, the Parties state the following:

## FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2022, Plaintiff filed his Collective Action Complaint against Defendants alleging that they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for failing to pay statutory minimum wages and overtime compensation during the

period from August, 2019 through July, 2022. (Dkt. 1, para. 14-19.)[1] Defendants denied Plaintiff's operative allegations including his work schedule, hours of work performed and wage payments and denied that Plaintiff's compensation violated the FLSA, IMWL or CMWO. (Dkt. 9, para. 14-19.)

The Parties exchanged informal discovery, followed by formal written discovery, and engaged in settlement negotiations between October 19, 2022 and December 19, 2022, the status of which was reported to the Court in the Parties' Joint Report on Settlement (Dkt. 13). The Parties reached a settlement on December 19, 2022 and thereafter drafted and executed a confidential settlement agreement and general release ("the Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit A.

Under the terms of the Settlement Agreement, and based on Plaintiff's counsel's calculations, the Plaintiff is receiving a net payment of approximately 2.35 times the amount of back wages Plaintiff alleges he is owed. In exchange for the settlement payment, as set forth in the Settlement Agreement, Plaintiff agrees to release all claims against Defendants, including his claims under the FLSA, IMWL and CMWO, and seek dismissal of this action in full, initially without prejudice to accommodate a fourteen (14) month settlement installment term, and converting to a dismissal with prejudice on March 15, 2024, and agrees to a general release of all claims he has, had or may have against Defendants.

As discussed below, the Parties respectfully request that the Court approve this Settlement Agreement.

## DISCUSSION

## I.    THE COURT SHOULD APPROVE THE SETTLMENT AGREEMENT

---

[1] Although Plaintiff plead collective action allegations, no motion for collective action relief under Section 216(b) of the FLSA was filed and no other Plaintiff joined this action. The Parties' settlement pertains solely to the claims of Plaintiff in his individual capacity.

Although it is not clear that an FLSA settlement requires judicial approval in circumstances where a Plaintiff is represented by counsel and there is no danger of over-reaching by the employer, (See, for example, *Barrios v. 5547 Tanoshi, Inc.,* Case No. 19-cv-05883, (Dkt. 17), December 4, 2019 (J. Chang), Court approval of wage settlements under the FLSA has been deemed necessary by courts to effectuate a valid and enforceable release of FLSA claims. See, *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC,* No. 09 CV 5336, 2011 WL 4729789, at *9 (N.D. Ill. Oct. 6, 2011); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The Parties agree that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute as to the amount of compensation allegedly owed to the Plaintiff under the FLSA, IMWL, and CMWO.

The settlement reached by the Parties is the result of investigation and negotiations between the parties to resolve this matter. The settlement was negotiated at arm's length by experienced counsel.

The settlement provides substantial relief to Plaintiff, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the settlement. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Should Plaintiff's claims have proceeded, regardless of whether the case would have proceeded as a collective action under Section 216(b) of the FLSA, Plaintiff and Defendants would have completed discovery including numerous oral depositions, potentially briefed dispositive motions, and set the matter for trial. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay significant attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

Finally, Plaintiff is receiving a settlement payment equal to or better than the amount of damages he might be able to obtain if the case did not settle. Accordingly, the Court should approve the Settlement Agreement.

## II. THE COURT SHOULD APPROVE PLAINTIFF'S ATTORNEY'S FEES AND COSTS

The Parties also request that the Court approve the attorney's fees and costs requested by counsel for the Plaintiff as part of the settlement. These fees and costs should be approved because counsel for Plaintiff: (1) investigated Plaintiff's claims; (2) expended time preparing the pleadings and engaging in informal and formal discovery; (3) negotiated the Settlement Agreement on behalf of the Plaintiff, ultimately resulting in a recovery for the Plaintiff that was more than the amount of back wages the Plaintiff would have otherwise been paid. Therefore, the attorney's fees and costs sought by counsel are justified. See, *Zolkos v. Scriptfleet, Inc*. No. 12 CV 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (discussing factors to consider when analyzing award of attorney's fees and costs in FLSA settlement).

**WHEREFORE**, Plaintiff, Wilfredo Miranda Cardona, and Defendants, Albany Restaurant, Inc., Peking Mandarin Restaurant, and Chih Hui Yu, respectfully request that this Court enter an Order granting their Joint Motion for Court Approval of Settlement Agreement, as

a fair and reasonable resolution of a *bona fide* dispute, and dismissing Plaintiff's action initially without prejudice and converting to a dismissal with prejudice on March 15, 2024 if no motion is otherwise filed, with all parties to bear their own fees and costs in accordance with the Settlement Agreement.

Dated: January 5, 2023                                Respectfully submitted,

                                                       /s/ Timothy M. Nolan
                                                       _____
                                                       Attorney for the Plaintiff

*For the Plaintiff*

Timothy M. Nolan (No. 6194416)
Nolan Law Office
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

                                                       /s/ Peter Y. Qiu
                                                       _____
                                                       Attorney for Defendants

*For the Defendants*

Peter Qiu
Law Offices of Peter Y. Qiu
518 West 26th Street
Chicago, IL  60616
Tel (312) 881-0001
peter.qiu@qiuwanglaw.com